**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 96-2730

———————————————

D. C. Docket No. 87-116-CIV-J-PHM

GLORIA J. ANDREWS, et al.,

                                        Plaintiffs,

DONALD ROBERT WOODMAN, Individually
and as Next Friend of Scott Forrest Woodman
and as personal representative for the
Estate of Yvonne E. Woodman,
YVONNE E. WOODMAN, Deceased, SCOTT FORREST
WOODMAN, CANDRA DAWN WOODMAN, STEVEN DWIGHT
WOODMAN, Seaman Apprentice,

                                        Plaintiffs-Appellees-
                                        Cross-Appellants,

                    versus

USA,

                                        Defendant-Cross-Claimant-
                                        Counter-Claimant-Appellant,
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,

                                        Defendants-Cross-Claimants-
                                        Counter-Defendants-
                                        Cross-Defendants,

RUFUSE SERVICES, INC.,

                                        Defendant-Cross-Claimant-
                                        Counter-Defendant,

DUVAL GARBAGE COMPANY,

                                        Defendant.


                    _____

                        No. 96-2731
                    _____
                  D.C. Docket No. 90-824-CIV-J-PHM


ALVIN LINDSEY SPEICHER,
GAIL P. SPEICHER,
ALVIN LINDSEY SPEICHER, JR.,

                                        Plaintiffs-Appellees-
                                        Cross-Appellants,

SKYLER R. SPEICHER,

                                        Plaintiff,

                        versus

USA,

                                        Defendant-Cross-
                                        Defendant-Cross-
                                        Claimant-Counter-
                                        Claimant-Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants-Cross-
                                        Defendants-Counter-
                                        Defendants.


2

_____

No. 96-2732
_____

D.C. Docket No. 90-825-CIV-J-12(PHM)


VIRGINIA HANSEN SMITH, as personal
representative for the Estate of
Michael Stramel, deceased,

                                        Plaintiff-Appellee-
                                        Cross-Appellant,

MICHAEL STRAMEL,

                                        Plaintiff,

TINA M. MCBETH, CHRIS HANSEN,
JILL HANSEN LESLIE, EVA E. STRAMEL,

                                        Plaintiffs-Appellees-
                                        Cross-Appellants,

                    versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.


3

_____

No. 96-2733
_____

D.C. Docket No. 90-828-CIV-J-PHM

ROBERT C. RICHARDS,
VICKI L. RICHARDS,
MICHAEL B. HARTSFIELD, JR.,

                              Plaintiffs-Appellees,
                              Cross-Appellants,

                    versus

USA,

                              Defendant-Cross-
                              Defendant, Cross-
                              Claimant, Counter-
                              Claimant, Appellant-
                              Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,

                              Defendants-Cross-
                              Claimants, Cross-
                              Defendants, Counter-
                              Defendants,

REFUSE SERVICES, INC.,

                              Defendant-Cross-
                              Defendant, Counter-
                              Defendant.


_____

No. 96-2734
_____

D.C. Docket No. 90-830-CIV-J-PHM

ROBERT S. POWELL,

                              Plaintiff-Appellee,
                              Cross-Appellant,

4

versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross
Claimants, Cross-
Defendants.

_____

No. 96-2735
_____

D.C. Docket No. 90-831-CIV-J-PHM

CARROLL PITTMAN,
CAROLYN J. PITTMAN,
MICHAEL K. PITTMAN,

Plaintiffs-Appellees,
Cross-Appellants,

versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Claimants, Cross-
Defendants.

5

_____

No. 96-2736
_____

D.C. Docket No. 90-829-CIV-J-PHM


DONALD MICHAEL RENTZ,
ANNETTE RENTZ,
HELEN GOODWYNE, Deceased,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,


                        versus

USA,

                                    Defendant-Cross-
                                    Defendant, Cross-
                                    Claimant, Appellant-
                                    Cross-Appellee,


WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants.



_____

No. 96-2737
_____

D.C. Docket No. 90-832-CIV-J-PHM


TRACY L. PATILLO,
CONNIE S. PATILLO,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,


                        versus


6

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Claimants, Cross-
Defendants.

_____

No. 96-2738
_____
D.C. Docket No. 90-834-CIV-J-PHM

KENNETH BELL, SR., DEBORAH BELL,
ROBERT BELL, KENNETH BELL, JR.,
JIMMY BELL, JERRY BELL,
PATRICIA J. BELL, MATTHEW BELL,
MICHELLE BELL, HENRY BELL,
DOLLY BELL, deceased, JAMES RICHARD BELL,
VICTORIA MAE BELL, JAMES R. BELL, JR.,
JAMIE MICHELLE BELL,

Plaintiffs-Appellees,
Cross-Appellants,

versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Claimants, Cross-

7

Defendants.

_____

No. 96-2739
_____

D.C. Docket No. 90-835-CIV-J-PHM

LAWRENCE E. KERSHAW,

Plaintiff-Appellee,
Cross-Appellant,

versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Claimants, Cross-
Defendants.

_____

No. 96-2740
_____

D.C. Docket No. 90-836-CIV-J-PHM

IDA MAE KIRK,
MICHAEL A. KIRK, Deceased,
EDMONDS WALLIS KIRK,

Plaintiffs-Appellees,
Cross-Appellants,

versus

USA,

Defendant-Cross-
Defendant, Cross-

8

                                        Claimant, Counter-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants, Counter-
                                        Defendants.

                    _____

                        No. 96-2741
                    _____
                 D.C. Docket No. 90-837-CIV-J-PHM

DONALD E. LEONARD, JR.,
VIRGINIA M. LEONARD,
DONALD E. LEONARD, Deceased,
WANDA LEONARD HARRISON,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                        versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.

                            9

_____

No. 96-2742
_____

D.C. Docket No. 90-838-CIV-J-PHM

JAMES E. JOHNSON,
DOROTHY T. JOHNSON,
TERRANCE C. JOHNSON,
JIMMY E. JOHNSON,
JIMMY E. JOHNSON, JR.,
EUGENE B. JOHNSON,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                        versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.

_____

No. 96-2743
_____

D.C. Docket No. 90-839-CIV-J-PHM

STANLEY C. LEVEROCK, SR.,
LINDA S. LEVEROCK,
VIOLET LEVEROCK,
STANLEY LEVEROCK, JR.,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                        versus

USA,

                              Defendant-Cross-
                              Defendant, Cross-
                              Claimant, Appellant-
                              Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                              Defendants-Cross-
                              Claimants, Cross-
                              Defendants.


_____

No. 96-2744
_____
D.C. Docket No. 90-841-CIV-J-PHM


DONALD RAY THREADGILL,
BARBARA A. THREADGILL,
RONNIE WAYNE THREADGILL,

                              Plaintiffs-Appellees,
                              Cross-Appellants,

                    versus

USA,

                              Defendant-Cross-
                              Defendant, Cross-
                              Claimant, Appellant-
                              Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                              Defendants-Cross-
                              Claimants, Cross-
                              Defendants.


11

_____

No. 96-2745
_____

D.C. Docket No. 90-842-CIV-J-PHM

CLIFTON A. TODD,
JEANETTE A. TODD,
TROY A. TODD,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,

                    versus

USA,

                                    Defendant-Cross-
                                    Defendant, Cross-
                                    Claimant, Counter-
                                    Claimant, Appellant-
                                    Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants, Counter-
                                    Defendants.


_____

No. 96-2746
_____

D.C. Docket No. 90-844-CIV-J-PHM

NEAL THOMSEN,
JEWELL THOMSEN,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,

                    versus


12

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.

_____

No. 96-2747
_____
D.C. Docket No. 90-843-CIV-J-PHM

ALBERT IKE NOLAN,
JEANNE NOLAN,
CAROL LYNN NOLAN,
ADRIENNE PATIENCE NOLAN,

                                        Plaintiffs-Appellees,

                    versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.

13

_____

No. 96-2748
_____
D.C. Docket No. 90-857-CIV-J-PHM


ROBERT D. STALEY,

Plaintiff-Appellee,
Cross-Appellant,


versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,


WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Claimants, Cross-
Defendants.



_____

No. 96-2749
_____
D.C. Docket No. 90-846-CIV-J-PHM


CLAUDE DANIEL OGLESBY,
MARGARET OGLESBY,

Plaintiffs-Appellees,
Cross-Appellants,


versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant,Appellant-
Cross-Appellee,

14

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants.


                    _____

                      No. 96-2750
                    _____
              D.C. Docket No. 90-848-CIV-J-PHM


BOY ELIJAH O'STEEN, JR.,
JOAN MARIE O'STEEN,
BOY ELIJAH O'STEEN, III,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,

                      versus

USA,

                                    Defendant-Cross-
                                    Defendant, Cross-
                                    Claimant, Appellant-
                                    Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants.

15

_____

No. 96-2751
_____

D.C. Docket No. 90-851-CIV-PHM


JOSEPH D. STRANGE,
SHIRLEY A. STRANGE,
JOSEPH D. STRANGE, JR.,
LAURA A. STRANGE,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,


                        versus

USA,

                                        Defendant-Cross
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,


WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.



_____

No. 96-2752
_____

D.C. Docket No. 90-852-CIV-J-PHM


JANIE L. HANSLEY,
JANIE P. HANSLEY,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,


                        versus



16

USA,

                                    Defendant-Cross-
                                    Defendant, Cross-
                                    Claimant, Counter-
                                    Claimant, Appellant-
                                    Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants, Counter-
                                    Defendants.

_____

No. 96-2753
_____
D.C. Docket No. 90-854-CIV-J-PHM

NEIL HANSEN,
GRETCHEN HANSEN,
TRAVIS EARL THORNTON, JR.,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,

versus

USA,

                                    Defendant-Cross-
                                    Defendant, Cross-
                                    Claimant, Appellant-
                                    Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants.

17

_____

No. 96-2754
_____

D.C. Docket No. 90-858-CIV-J-PHM


HENRY VORPE, JR.,
JUDY VORPE,
CHRISTI D. VORPE,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                    versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.


_____

No. 96-2755
_____

D.C. Docket No. 90-859-CIV-J-PHM


VIVIAN E. GORE,
WILEY H. GORE,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                    versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-

18

                                              Claimant, Appellant-
                                              Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                              Defendants-Cross-
                                              Claimants, Cross-
                                              Defendants.


                    _____

                       No. 96-2756
                    _____
                D.C. Docket No. 90-861-CIV-J-PHM


DORIS F. WALKER,
GARY W. WALKER,

                                              Plaintiffs-Appellees,
                                              Cross-Appellants,

                           versus

USA,

                                              Defendant-Cross-
                                              Defendant, Cross-
                                              Claimant, Appellant-
                                              Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                              Defendants-Cross-
                                              Claimants, Cross-
                                              Defendants.


                          19

_____

No. 96-2757
_____
D.C. Docket No. 90-862-CIV-J-PHM


EDDIE WILLIAMS,
LILA M. WILLIAMS,
PENNY WILLIAMS NEWMANS,
CHRISTINE MICHELLE WILLIAMS,
REBECCA LYNN WILLIAMS,
EDDIE MICHAEL WILLIAMS,
EDDIE MICHAEL WILLIAMS, JR.,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,


                    versus


USA,

                                    Defendant-Cross-
                                    Defendant, Cross-
                                    Claimant, Appellant-
                                    Cross-Appellee,


WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                    Defendants-Cross-
                                    Claimants, Cross-
                                    Defendants.


_____

No. 96-2758
_____
D.C. Docket No. 90-864-CIV-J-PHM


ALICE M. ANDERSON,
STEPHEN E. ANDERSON,
TERRENCE L. ANDERSON,

                                    Plaintiffs-Appellees,
                                    Cross-Appellants,


                    versus


20

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.


_____

No. 96-2759
_____
D.C. Docket No. 90-865-CIV-J-PHM

LEWIS D. BOWEN,
SARAH CHRISTINE FLINK BOWEN,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                          versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.
WASTE MANAGEMENT, INC.
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.


_____

No. 96-2760
_____

21

JOHN P. BUETTGEN,
JANICE BEUTTGEN,
DAWN BUETTGEN,
JODY BUETTGEN,
KENNETH BUETTGEN,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                    versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.
WASTE MANAGEMENT, INC.
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.


_____

No. 96-2761
_____
D.C. Docket No. 90-867-CIV-J-PHM

STEPHEN BRANNEN,
MISTY VELL BRANNEN,
STEPHANIE JO BRANNEN,
SHERRIE FAYE BRANNEN,
MELISSA BRANNEN MCDANIEL,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                    versus

USA,

                                        Defendant-Cross-

Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Defendants.

_____

No. 96-2762
_____
D.C. Docket No. 90-869-CIV-J-PHM

JOHN M. FLORES,
FLORENCE FLORES,
PATRICIA JO BELL, as personal
representative for the Estate of
Florence Flores, deceased,

Plaintiffs-Appellees,
Cross-Appellants,

versus

USA,

Defendant-Cross-
Defendant, Cross-
Claimant, Appellant-
Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

Defendants-Cross-
Claimants, Cross-
Defendants.

_____

No. 96-2763
_____
D.C. Docket No. 90-872-CIV-J-PHM

23

ALBERT G. BELZ,
BETTY BELZ,
JOHN CLARENCE BELZ,
FREDERICK G. BELZ, I,
FREDERICK G. BELZ, II,
SUZANNE E. BELZ,
ROBERT J. BELZ,
WILLIAM B. BELZ,
FREDERICK G. BELZ, III,
MARY M. BELZ,
JOSHUA BELZ,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                        versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-
                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants, Cross-
                                        Defendants.

_____

No. 96-2764
_____
D.C. Docket No. 90-874-CIV-J-PHM

WAYNE K. HAZEN,
PATRICIA CHRISTOPHER,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                        versus

USA,

                                        Defendant-Cross-
                                        Defendant, Cross-
                                        Claimant, Appellant-

24

                                        Cross-Appellee,

WASTE CONTROL OF FLORIDA, INC.,
WASTE MANAGEMENT, INC.,
REFUSE SERVICES, INC.,

                                        Defendants-Cross-
                                        Claimants-Cross-
                                        Defendants.

                     _____

              Appeals from the United States District Court
                    for the Middle Disitrict of Florida
                     _____

                          **(September 19, 1997)**

Before DUBINA, Circuit Judge, HILL and GIBSON*, Senior Circuit
Judges.


DUBINA, Circuit Judge:


_____
*Honorable John R. Gibson, Senior U.S. Circuit Judge for the
Eighth Circuit sitting by designation.


      The United States appeals the district court's award of
attorneys' fees to plaintiffs/appellees/cross-appellants
("plaintiffs") pursuant to the Equal Access to Justice Act
("EAJA"), 28 U.S.C. § 2412, on plaintiffs' claims under the
Comprehensive Environmental Response, Compensation, and Liability
Act of 1980 ("CERCLA"), 42 U.S.C. § 960(a). The government
contends the fee award was disproportionately high. Plaintiffs
cross-appeal, claiming the award was too low. We agree with the
government and remand for a redetermination of attorney's fees.

                                 25

## I.  BACKGROUND

The opinion we issue today is one in a series of related appeals which detail the facts of this case.  See Woodman v. United States, ___ F.3d ___, ___-___ (11th Cir. 1997).  We summarize those facts here, and we set forth additional procedural history relevant to the issues in these appeals.

The United States Navy contracted with a private company, Waste Control of Florida, Inc. ("Waste Control"), to remove hazardous chemical waste from two Jacksonville-area naval bases in the 1960s.  For nearly two years, Waste Control dumped Navy waste at a swampy landfill in southwest Jacksonville.  Nearby residents drew their water from wells.  Toxic chemicals from the Navy waste leached into the groundwater and polluted the wells.  The residents sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and CERCLA.  They sued Waste Control and two of its affiliates under CERCLA and Florida law.

Plaintiffs sought damages under CERCLA for (1) future medical monitoring costs, (2) statutory attorneys' fees, and (3) the expenses of obtaining alternate water supplies.  Early in the litigation, the district court ruled that the only damages plaintiffs could recover under CERCLA were "their expenditures for connecting to the water line provided by the City of Jacksonville and their expenditures for bottled water."  Woodman v. United States, 764 F. Supp. 1467, 1470 (M.D. Fla. 1991).  In a subsequent, unpublished order, the district court ruled that plaintiffs could not recover attorneys' fees directly under CERCLA in light of the

26

Supreme Court's decision in <u>Key Tronic Corp. v. United States</u>, 114 S. Ct. 1960 (1994). In <u>Key Tronic</u>, the Court held that CERLCA "does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." <u>Id.</u> at 1967. Plaintiffs do not appeal either of these district court rulings.

Prior to trial, the government and the private contractors took the unusual step of filing motions for summary judgment on behalf of plaintiffs on the CERCLA claims. The district court granted the motions and entered findings of fact no longer in dispute, pursuant to FED. R. CIV. P. 56(d). The government objected to these findings on the ground that they established elements of the unresolved FTCA claims. The district court then vacated its order entering summary judgment, and litigation proceeded on all claims.

Plaintiffs settled with the private contractors on the eve of trial for $8.5 million. According to plaintiffs, the parties allocated $2.5 million of that settlement for attorneys' fees. They designated one-third of that sum, or $833,333.33, for attorneys' fees on the CERCLA claims. A five-phase trial proceeded on plaintiffs' claims against the United States. After the first phase of trial, the district court found the government liable under both the FTCA and CERCLA. Rather than litigate the CERCLA damages, the parties stipulated to a schedule of response costs that the United States would pay to 39 of the 171 plaintiffs. The stipulated costs totaled $49,549.00 for obtaining alternate water

27

supplies. The district court entered judgment against the United States on the CERCLA claims and reduced the stipulated costs by the amount of the CERCLA settlement with the private contractors. After the set-off, only one plaintiff obtained a CERCLA award against the government, in the amount of $700.

Plaintiffs applied to the district court pursuant to the EAJA for attorneys' fees and costs incurred in litigating their CERCLA claims. According to plaintiffs' fee application, their attorneys and paralegals spent approximately 30,000 hours litigating this case. Plaintiffs sought compensation for half of that time, plus half of their total costs, for a total of $1,462,298.84.[1] Plaintiffs argued that the CERCLA and FTCA claims overlapped so extensively that the best way to determine which hours were attributable to the CERCLA claims was simply to divide the total hours in half.

The district court made a preliminary finding that the EAJA applied because the government's position on the CERCLA claims was not "substantially justified." See 28 U.S.C. § 2412(d). The court found that the total number of hours expended and amount of expenses incurred were reasonable. However, the court ruled that plaintiffs were entitled under the EAJA only to one-third, not one-half, of those hours and expenses. The court reasoned that plaintiffs had allocated one-third of the fees and costs portion of their settlement with the private contractors to CERCLA fees and

---

[1]Plaintiffs computed the total figure by multiplying 15,000 hours times hourly rates not exceeding the EAJA's statutory cap. Those hourly rates are not at issue in this appeal.

28

costs, and the same division should apply to their CERCLA claims against the United States.  Then, the district court reduced the one-third by a further 78% because only 22% of the individual plaintiffs had prevailed on their CERCLA claims.  Ultimately, the judge awarded plaintiffs $180,880 in CERCLA fees and expenses, approximately 12% of the amount they requested.

The government appeals, claiming that the number of hours for which plaintiffs' attorneys sought reimbursement was so unreasonable that the district court should have denied the fee application outright.  Alternatively, the government argues that the award is too high.  The government does not appeal the district court's finding that its position on the CERCLA claims was not substantially justified.  Plaintiffs cross-appeal.  They do not contest the district court's decision to allocate one-third of their hours to the CERCLA claims, but they argue that the district court erred by reducing their award by 78%.

## II.  DISCUSSION

We review the district court's award of attorneys' fees and costs under the EAJA for abuse of discretion.  Pierce v. Underwood, 487 U.S. 552 (1988).

The EAJA permits parties who prevail against the United States in a civil action to recover attorneys' fees and costs unless the government's position was "substantially justified."  28 U.S.C. § 2412(d); see also Commissioner, I.N.S. v. Jean, 496 U.S. 156, 158 (1990).  The EAJA specifically excludes recovery for fees and costs expended on tort claims.  See 28 U.S.C. § 2412(d)(1)(A); Joe v.

29

<u>United States</u>, 772 F.2d 1535 (11th Cir. 1985). Thus, the EAJA allows plaintiffs to recover fees and costs incurred in litigating their CERCLA claims, but not their FTCA claims.[2]

The government's first argument is that the district court should have rejected plaintiffs' fee application outright because it was so outrageous. According to the government, "[t]he CERCLA claims were not sufficiently complex, nor sufficiently contested, to require anything close to 15,000 of attorney and paralegal time." Br. for Appellant at 16. The government argues that outright denial of plaintiffs' fee application would induce claimants to submit reasonable, carefully calculated fee demands. Although the Eleventh Circuit has not decided the issue, the government cites cases from several other circuits holding that district courts do not abuse their discretion by denying in their entirety fee applications that are grossly inflated. <u>See, e.g.</u>, <u>Environmental Defense Fund, Inc. v. Reilly</u>, 1 F.3d 1254, 1258 (D.C. Cir. 1993); <u>Fair Housing Council v. Landow</u>, 999 F.2d 92, 96-97 (4th Cir. 1993); <u>Brown v. Stackler</u>, 612 F.2d 1057, 1059 (7th Cir. 1980); <u>see</u> <u>also</u> <u>Loranger v. Stierheim</u>, 10 F.3d 776, 782 n. 8 (11th Cir. 1994) (recognizing that other circuits permit outright denial but not deciding the question).

Even if we adopted such a rule, it would not provide a basis for vacating the district court's fee award in this case. The

---

[2]We note also that plaintiffs may not recover fees and costs expended on their FTCA claims in light of our decision in the related appeals that plaintiffs cannot prevail on their FTCA claims. <u>See</u> <u>Woodman v. United States</u>, ___ F.3d ___ (11th Cir. 1997).

30

district court expressly found that the government's unjustified refusal to admit any of the CERCLA allegations "bordered on bad faith" and necessitated "extensive pretrial investigation, discovery and preparation." R-7-904, Dist. Ct. Mem. Op. at 6-7. The district court also found that the total hours expended by plaintiffs' counsel were reasonable and that the government only challenged 3,000, or 10%, of them. The government fails to show that these findings were clearly erroneous. Therefore, there is no evidence that plaintiffs egregiously exaggerated their fee application. The district court did not abuse its discretion by rejecting the government's bid for an outright denial of attorneys' fees.

Next, the government argues that the district court abused its discretion by failing to consider the limited success plaintiffs achieved on their CERCLA claims. The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). The district court may then adjust the resulting "lodestar" depending upon a variety of factors, the most important of which is the degree of the plaintiff's success in the lawsuit. Hensley, 461 U.S. at 433. "[W]here the plaintiff has achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id. at

31

440.  We agree that the district court abused its discretion by not giving greater weight to plaintiffs' limited success.[3]

Plaintiffs' success on their CERCLA claims was minimal by any measure.  First, the CERCLA damages the court awarded plaintiffs were infinitesimal compared with those they requested.  Plaintiffs sought more than $3.5 million for three types of CERCLA damages: (1) future medical monitoring expenses, which the court valued at $2.1 million; (2) statutory attorneys' fees, which plaintiffs valued at $1.4 million, and (3) alternative water supply expenses.  Plaintiffs were awarded only the last category of damages--and only $49,549.[4]  This figure represents less than 1% of the amount plaintiffs sought.  Second, plaintiffs' CERCLA damages were slight in comparison with plaintiffs' overall award.  The CERCLA award accounted for only 3% of the total award.  Third, the CERCLA victory was not successful in the sense that it vindicated an important non-monetary principle, as may be the case with civil rights litigation.  See, e.g., Popham v. City of Kennesaw, 820 F.2d

---

[3]In light of this decision, we do not reach the other arguments advanced by the government, nor do we consider plaintiffs' cross-appeal.

[4]This figure dropped to $700 after the set-off for plaintiffs' settlement with the private contractors.  Although we have not considered this issue, the Third Circuit has held that set-offs should not be considered in determining a prevailing party's degree of success for fee application purposes.  See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 423 (3rd Cir. 1993) ("[T]he reduction of a plaintiff's net recovery due to the offset of a jury verdict by prior settlements does not indicate that plaintiff failed to prove any of its claims at trial.  It may merely reflect plaintiff's skill as a negotiator with the other defendants . . .").  We need not resolve this issue here because plaintiffs' CERCLA success was slight whether measured before or after the set-off.

1570, 1580 (11th Cir. 1987) ("The affirmation of constitutional principles produces an undoubted public benefit that courts must consider in awarding attorneys' fees . . .").

Plaintiffs argue that they achieved substantial success on their CERCLA claims. They point out that they succeeded on their medical monitoring claims, albeit under the FTCA rather than CERCLA. There are two problems with this argument. First, we reversed plaintiffs' victory on medical monitoring damages under the FTCA. See Woodman, ___ F.3d ___ (11th Cir. 1997). Second, even if plaintiffs had succeeded on their medical monitoring claims under the rubric of the FTCA, that success could not count for the purpose of calculating an EAJA fee award because the EAJA does not permit recovery of fees and costs expended on tort claims.

The district court did consider plaintiffs' limited success in one respect: the court reduced the amount of the fee award by 78% because only 22% of the plaintiffs won a CERCLA award. However, the district court did not consider that plaintiffs prevailed on only one of their three CERCLA claims and their monetary award on that claim was quite small. Instead, the district court awarded plaintiffs fees and costs totaling nearly four times the amount of their CERCLA award. Although the Supreme Court has "reject[ed] the proposition that fee awards . . . should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers," Riverside v. Rivera, 477 U.S. 561, 574 (1986); see also Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1493 (11th Cir. 1994) (discussing Riverside), this was not a civil

33

rights action.  As noted, the best--and perhaps only--measure of plaintiffs' success on their CERCLA claims was their monetary damages award.

The district court's failure to consider plaintiffs' minimal CERCLA success was an abuse of discretion.  Accordingly, we vacate the district court's award of fees and costs under the EAJA and remand for recalculation.

VACATED and REMANDED.